UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SAMUEL JACOB ELLIOTT,

    Petitioner,

v.

KENNETH QUINN,

    Respondent.

Case No. C08-5042 FDB/KLS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on Samuel Jacob Elliott's petition pursuant to 28 U.S.C. § 2254 relating to his May 2001 conviction for Attempted First Degree Burglary and two counts of First Degree Unlawful Possession of a Firearm. The Magistrate Judge recommends that this habeas petition be denied and this cause of action dismissed. Petitioner has filed his objections. Having reviewed the record and the authorities submitted, the Court rejects the Petitioner's objections and adopts the Report and Recommendation for the following reasons.

The Magistrate Judge reviewed Petitioner's five claims for relief. The First Claim – Prosecutorial Misconduct – is subject to dismissal as being unexhausted, and Petitioner has failed to provide the Court with any evidence of cause and prejudice to excuse his procedural default or that failure to review would result in a "fundamental miscarriage of justice." Petitioner instead argues that the Magistrate Judge is being "hypertechnical" and argues that he specifically outlined the issue and notified the Court that there were numerous constitutional questions raised. The Magistrate Judge quoted from Elliott's Petition to the Washington Supreme Court: "In this case, a significant

ORDER - 1

question of law is presented under the Constitution of the State of Washington and of the United States." Elliott also referred the Court to "all previous briefing." As the Magistrate Judge pointed out: "For exhaustion purposes, 'a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of facts which entitle the petitioner to relief." [R&R p. 10; citations omitted.] Petitioner did not "fairly present" his First Claim to the Washington Supreme Court, it is, therefore, "unexhausted" and is not cognizable in this habeas corpus proceeding. Furthermore, as the Magistrate Judge noted, the record reflects that Petitioner is now procedurally barred from returning to state court to address this unexhausted claim.

The Magistrate Judge reviewed Petitioner's claim that the "to convict" instruction was defective, but agreed with the Washington Supreme Court's conclusion as to this claim that the error in the instruction was harmless.

As to Petitioner's third and fourth claims that the firearm enhancement instruction was defective because it did not include a definition of the word "armed," the Magistrate Judge reviewed the Washington Court of Appeals' and the Washington Supreme Court's conclusions on this matter, as well as the reasonable inferences to be drawn from the evidence, and concluded that there was no showing that the challenged instruction so infected the trial that his resulting conviction violated due process. Petitioner contends that Vichet Kruth, the other person identified by the burglary victim Williams, had the backpack with the two .22 caliber revolvers, and that the State had to prove that Petitioner knew that Kruth was armed at the time of the crime for the firearm enhancement to apply. Moreover, Petitioner argues that he was in a patrol car next to woods several hundred yards away from the scene of the attempted burglary; that when he called out that "what you're looking for is in the area where we first came in the woods," he did not specifically refer to a backpack; and that there was "an overwhelming amount of circumstantial evidence that the second man Williams saw at his house with Mr. Kruth was the third man involved in this incident who escaped apprehension." (Objections p. 7.) Petitioner's argument is not persuasive. The Supreme Court stated that

ORDER - 2

instructions defining "armed" are not constitutionally required, and particularly so when the defendant had actual possession of the weapon. The evidence showed that Petitioner Elliott wore a backpack. While the evidence also shows that Kruth was seen with the backpack, Kruth and Elliott were together when the burglary victim saw the backpack. Moreover, Elliott pointed the officers to the place in the woods where the backpack was found, and the jury could reasonably have inferred (1) that Elliott possessed the guns when he wedged the pack under the cedar branches, or (2) that Elliott possessed the guns for purposes of accomplice liability, when they were in the backpack being carried by Kruth. The instruction made Elliott liable if either he or his accomplice possessed the firearms.

Petitioner's Fifth Claim is that his due process rights were violated because he was not advised that he could present witnesses in his defense at his infraction hearing and that there was insufficient evidence to establish a violation of the former. The infraction was for Petitioner's failure to provide a non-diluted/non-adulterated urine sample, and Petitioner argues that he provided a urine sample as required by the WAC provision, which did not specifically apply to adulterated or diluted samples. The Magistrate Judge concluded that the record reflected that Petitioner received notice of the charges and an opportunity to present his case as due process requires, that Petitioner Elliott submitted the written statements of Corrections Officers Brown and Pratt, which were accepted by the hearing officer, that there was "some evidence in the record for the conclusion that "failure to provide a urine sample" reasonably encompasses the provision of a diluted sample designed to avoid the detection of drugs or alcohol and the conclusion is reasonable, and this conclusion is not changed by a later rule that expressly made it an infraction to provide a false or adulterated urine sample. This Court agrees with the Magistrate Judge that the State courts' decisions in this matter are not contrary to, nor are they unreasonable applications of, United States Supreme Court precedent. This claim must be denied.

The Court, having reviewed the petition for writ of habeas corpus, the response, Petitioner's

ORDER - 3

traverse, the Report and Recommendation of Magistrate Judge Karen L. Strombom, objections to the Report and Recommendation, and the remaining record, does hereby find and ORDER:

(1) The Court adopts the Report and Recommendation;

(2) Petitioner's writ of habeas corpus (Dkt. # 5) is **DENIED** and this action is **DISMISSED WITH PREJUDICE**; and

(3) The Clerk is directed to send copies of this Order to Petitioner, counsel for Respondent and to the Hon. Karen L. Strombom.

DATED this 12th day of September 2008.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 4